Bruce KAISER, Plaintiff—Appellant,

v.

STANDARD INSURANCE COMPANY, as Administrator & Fiduciary of the E–Bay, Inc. Long Term Disability Plan; The E–Bay, Inc. Long Term Disability Plan, Defendants—Appellees.

No. 07–15238.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2008.*

Filed Dec. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Scott Kalkin, Roboostoff & Kalkin, San Francisco, CA, for Plaintiff—Appellant.

Andrew M. Altschul, Esq., Altschul Law Office, PC, Portland, OR, for Defendants—Appellees.

Before: FERNANDEZ, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM **

Bruce Kaiser appeals the district court's grant of summary judgment in favor of Standard Insurance Company and the e-Bay, Inc., Long Term Disability Insurance Plan in Kaiser's action alleging that Standard abused its discretion when it failed to extend long term disability benefits to him. We affirm.

The district court was aware of the need to take Standard's inherent conflict of interest into account; it was well aware of and cited to our explication of the appropriate standard in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967–69 (9th Cir.2006) (en banc). The Supreme Court's later decision did not affect that explication for purposes of this case. *See Metro. Life Ins. Co. v. Glenn*, —— U.S. ——, ——, 128 S.Ct. 2343, 2350–51, 171 L.Ed.2d 299 (2008).

Upon review of the record, we have determined that the district court did not err when it decided that Standard's denial of Kaiser's long term disability claim was not an abuse of discretion.[1] For example, there was no abuse in Standard's use of the "own occupation" limitation, or in its decision to rely upon its consultants rather than upon the opinions of Kaiser's physicians,[2] or, ultimately, in its consider-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We recognize that the district court did make some infelicitous references based on pre-*Abatie* cases. *See Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir.2005); *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1123 (9th Cir. 1998). However, on this record that did not affect the fact that the court knew it was required to consider Standard's conflict of interest; it did so, but still found no abuse of discretion.

2. Standard was not required to give special deference to Kaiser's treating physicians. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834, 123 S.Ct. 1965, 1972, 155 L.Ed.2d 1034 (2003); *Jordan v. Northrop*

ation of the consulting physicians' opinions during its handling of the review process.

AFFIRMED.

*Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 878–79 (9th Cir.2004).